UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v-

COOPER MORGENTHAU,

Defendant.

23 Cr. 2 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the *pro se* motion of defendant Cooper Morgenthau for early termination of supervised release, Dkt. 20, the opposition by the Government on behalf of itself and the U.S. Probation Department, Dkt. 22 ("G. Mem."), and Morgenthau's reply, Dkt. 23. Morgenthau was sentenced to 36 months' imprisonment, followed by a three-year term of supervised release. As of today, Morgenthau has completed a little more than half—that is, 19.5 months—of his supervised release term.

Substantially for the reasons the Government articulates, which the Court incorporates by reference, the Court denies Morgenthau's motion, without prejudice to later renewal.

Morgenthau argues—and the point appears undisputed by the Government—that to date he has complied with the conditions of supervised release set by the Court, including completing his required 200 hours of community service, making the required restitution payments, and maintaining his sobriety. That is much to his credit. However, as the Government notes, a supervisee is expected to comply with the conditions of supervised release. *See Rico v. United States*, 146 S. Ct. 947, 951 (2026); *United States v. Gonzalez*, No. 25 Cr. 483, 2025 WL 3274491, at *3 (S.D.N.Y. Nov. 25, 2025) (noting that compliance with the conditions of

supervised release, while worthy of praise, "is what is expected of a person under supervised release"); *United States v. Badoolah*, No. 12 Cr. 774, 2026 WL 1045607, at *6 (E.D.N.Y. Apr. 17, 2026) (same).

In Morgenthau's case, there are particularly evident productive purposes served by the Probation Department's continued supervision. Most obviously, Morgenthau has an enormous outstanding restitution balance, $5,834,960.45, a figure that, apparently due to accruing interest, has materially grown since sentencing, when Morgenthau was ordered to pay $5,111,355 in restitution. Morgenthau's restitution obligation derives from an audacious wire fraud scheme that he carried off. The scheme entailed embezzling millions of dollars of investor funds, in part to pay personal expenses, was furthered by numerous false statements and acts of concealment, and lasted more than one year. *See* Dkt. 18 at 52–60 (transcript of Court's remarks at sentencing). The Probation Department's continued supervision of Morgenthau—and the availability to him of its substantial employment and programmatic resources—will help assure that he maintains stable employment and sobriety, which in turn stands to enable his continued successful reentry and his ability to make meaningful restitution payments. *See United States v. Stein*, No. 9 Cr. 377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (where defendant's payments were "negligible" in relation to the enormous sum he owes his victims, "[c]ontinued supervision will help ensure that he continues to make restitution payments in a timely manner"); *Whittingham v. United States*, No. 12 Cr. 971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) ("early termination would be particularly inappropriate in light of the fact that Petitioner still has outstanding restitution obligations"); *United States v. Lai*, 458 F. Supp. 2d 177, 177 (S.D.N.Y. 2006) (same where defendant had paid only a nominal amount towards restitution); *United States v. Lagone*, No. 10 Cr. 818 (JFB), 2017 WL 606016, at *4

(E.D.N.Y. Feb. 15, 2017) (same). Consistent with this, Morgenthau's probation officer has opined that, in her assessment, Morgenthau would continue to benefit from supervision for the time being. G. Mem. at 4. And, as the Government notes, Morgenthau has not demonstrated any meaningful burden on him presented by continued supervision. *Id.*

The Court's denial of Morgenthau's motion is without prejudice to his right to move anew for such relief later in the term of supervised release.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 8, 2026
New York, New York